UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION *et al.*,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>STEVEN MNUCHIN, SECRETARY, UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>　　　　　　Defendant. | Civil Action No: 1:20-cv-01002-APM |

**CONSENT MOTION OF AHTNA, INC. TO FILE *AMICUS CURIAE* BRIEF**

Pursuant to Local Civil Rule 7(o)(2) of this Court, Ahtna, Inc. ("Ahtna") hereby moves for leave to file an amicus brief to assist the Court in resolving the issues raised in Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (Dkt. 3). A copy of the proposed amicus brief is attached as Exhibit 1. Counsel for the Plaintiffs and the Government both consent to Ahtna's filing of an amicus brief in this matter.[1] A proposed order accompanies this Motion.

**I.　LEGAL STANDARD**

This Court has discretion to accept *amicus curiae* briefs. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). The participation of an *amicus curiae* is appropriate "'when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Id.* at 137 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). In particular, courts have "permitted parties to file amicus briefs where 'the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *In re Search of Info.*

---

[1]　On April 21 and April 22, undersigned counsel conferred with counsel for both the Plaintiffs and the United States via electronic mail and was advised they consented to the filing of a brief.

*Associated with [Redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc*., 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (quoting *Voices for Choices v. Illinois Bell Tel. Co*., 339 F.3d 542, 545 (7th Cir. 2003)); *see also Hard Drive Prods., Inc. v. Does 1-1*, 495, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) ("'An *amicus curiae*, defined as 'friend of the court,' does not represent the parties but participates only for the benefit of the Court.'") (quoting *United States v. Microsoft Corp*., No. 98-1232, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002)).

## II.     AHTNA IS AN APPROPRIATE *AMICUS CURIAE* IN THIS MATTER

Ahtna is an Alaska Native Regional Corporation ("ANC" or "ANCSA corporation") created pursuant to the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. §§ 1601-1629. Ahtna's mission is the "[w]ise stewardship of Ahtna lands and responsible economic growth, for future generations of Ahtna people."[2] To this end, Ahtna represents the interests of its more than 2,000 Alaska Native shareholders and owns lands and resources located in eastern Alaska. Ahtna is charged with advancing the interests of its Alaska Native shareholders, many of whom have limited incomes and live in remote locations in rural Alaska. Ahtna, like other Alaska Native communities, has faced significant hardships during the current COVID-19 global pandemic as outlined below. Accordingly, Ahtna has a critical need for relief funding.

Plaintiffs in this action, eleven Indian tribes from Alaska, Arizona, California, New Mexico, Maine, and Washington state, challenge the eligibility of ANCSA corporations to receive a portion of the $8,000,000,000 in federal funds appropriated for payments to "Tribal governments" under Title V of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. H.R. 748, Section 601(a)(2)(B) & (b)(1). Plaintiffs' claims require consideration of the role that ANCSA corporations play in Alaska Native communities and Congress' intent in including

---

[2]     Mission, Vision, and Values, AHTNA, INC., https://www.ahtna.com/mission-vision-and-values/ (last accessed Apr. 22, 2020).

them as "Tribal governments" under the Act.

Ahtna is not submitting its brief in support of any party to this action. However, it is well positioned to assist the Court by: (1) outlining the critical and unique role that ANCSA corporations play in supporting Alaska Native communities; and (2) providing relevant information and legal precedent that may inform the Court's analysis of Congress' intent in enacting the relevant provisions of the CARES Act. Ahtna submits that this information will assist the Court by supplementing the information provided by the parties and is unlikely to be otherwise presented to the Court.

Finally, this request for leave is timely. Plaintiff did not file their Motion until April 20, briefing was originally set for today and tomorrow, and the matter is set for a hearing before the Court on April 23. Accordingly, consideration of the information provided by Ahtna will not lead to any delay in the proceedings.

## CONCLUSION

For the foregoing reasons, the motion for leave to file a brief as *amicus curiae* should be granted. If such relief is granted, Ahtna requests that the accompanying brief be considered filed as of the date of this motion's filing. The proposed amicus brief (including a certificate of corporate disclosure) is attached as Exhibit 1 to this motion. A proposed order is attached as Exhibit 2.

Dated: April 22, 2020                                        Respectfully submitted,

/s/ *Michael J. O'Leary*
Michael J. O'Leary, DC Bar No. 1014610
HOLLAND & HART LLP
901 K Street NW, Suite 850
Washington, D.C., 20001
(202) 654-6922
mjoleary@hollandhart.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Michael J. O'Leary
Michael J. O'Leary