## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 1:20-cv-1002-APM |
| CHEYENNE RIVER SIOUX TRIBE et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 1:20-cv-01059-APM |
| UTE TRIBE OF THE UINTAH AND OURAY RESERVATION, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 1:20-cv-01070-APM |

## JOINT STATUS REPORT

On Tuesday, April 28, 2020, the Court ordered the Parties to "meet and confer and, by May 1, 2020, file a Joint Status Report that proposes a schedule for further proceedings in this matter." Minute Order (4/28/2020). The Court also ordered Defendant to "update the court on any developments in the disbursement of Title V funds to federally recognized Indian tribes, as well as any funds withheld from ANCs pursuant to the court's preliminary injunction order." *Id.* Pursuant to that minute order, the Parties have met and conferred, and offer their positions below.

**Defendant's Update on Disbursements and Proposal for Further Proceedings**

Defendant has not yet arrived at a determination as to the amounts to be paid to Tribal governments from the Coronavirus Relief Fund under Title V of the CARES Act, Pub. L. 116-136, 134 Stat. 281 (2020). Defendant plans to post details of the allocation on its website.[1] As contemplated by the Court's April 27, 2020, memorandum opinion, Defendant intends "to award some money to ANCs and withhold[] those [ANC] payments to comply with the court's order." Mem. Op. (ECF No. 36) at 34.

Regarding a schedule for further proceedings, Defendant respectfully suggests that, because this Court has granted a preliminary injunction in part, and Defendant intends to make partial payments of the amount not subject to the injunction, the remainder of this case should be allowed to proceed in the ordinary course. Pursuant to the Federal Rules of Civil Procedure, the next step would be for Defendant to answer or otherwise respond to the consolidated complaints. Defendant proposes to treat the filing date of the third case (No. 1:20-cv-01070-APM) as the date of service for all three cases, and respectfully requests that this Court set a consolidated answer deadline of Monday, June 22, 2020.

Defendant notes that Plaintiffs have proposed waiving Defendant's obligation to answer, and Defendant is willing to discuss with Plaintiffs that and other means of expediting this case, including the possibility of moving directly to summary judgment briefing in light of the parties' agreement that this case presents purely legal issues (and therefore should not require the submission of an administrative record). But Plaintiffs' demand for Defendant to submit an administrative record within the next two weeks, and to complete summary judgment briefing by the end of this month, is unreasonable.

As an initial matter, Amicus Ahtna, Inc. has recently moved to intervene as a party in this case. (ECF No. 43). That motion will need to be decided before any additional schedule is set, in

---

[1] *See* U.S. Dep't of Treasury, *Coronavirus Relief Fund: Payments to Tribal Governments*, *available at* https://home.treasury.gov/system/files/136/Coronavirus-Relief-Fund-Payments-to-Tribal-Governments.pdf (last visited April 30, 2020).

order to determine whether the intervenor should be included in scheduling discussions. Furthermore, in light of the short time that has passed since the issuance of the preliminary injunction, Defendant is still deciding whether to appeal from that decision. Should Defendant appeal, it may move the Court to stay or alter the schedule for this case, on the grounds that an appellate decision may resolve the need for further proceedings. Plaintiffs' expedited schedule, contrary to the Federal Rules of Civil Procedure, would make it entirely unlikely that any appeal could be heard on the preliminary injunction prior to a decision by this Court on the merits.

Moreover, because Defendant is working diligently to process initial payments, it will be difficult, if not impossible, to produce an administrative record by the time suggested by Plaintiffs. Defendant would ask this Court to allow Defendant to focus now on making payments, rather than compiling an administrative record, in the event that the Court believes that such a record is necessary for its decision on summary judgment.

**Plaintiffs' Proposal for Further Proceedings**

The Plaintiff Tribes propose the following schedule for further proceedings in this matter. This proposal is based in part on the U.S. Department of the Treasury's representations during the parties' meet and confer on April 30, 2020.  Plaintiffs understood from that discussion that there was some possibility that the allocation of Title V relief funds would be finalized today.  It now appears that will not occur.  It remains Plaintiffs' understanding, based on the meet and confer, that Treasury is close to finalizing its allocation of relief funds and that it will begin distributing payments allocated to Plaintiffs and to other federally recognized Indian Tribes within a few days. Accepting Treasury's representation at face value, Plaintiffs do not intend to amend their respective complaints at this time to compel Treasury to act by stating a claim under 5 U.S.C. § 706(1) ("The reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed[.]") or other source of law, but reserve the right to do so if such payments are not immediately forthcoming next week.

Plaintiffs' proposal for expedited proceedings is mindful that Congress required the Secretary of the Treasury to make Title V payments to Tribal governments not later than 30 days

3

after the enactment of the CARES Act, which was April 26, 2020. 42 U.S.C. § 801(b)(1). Thus, the Secretary is already well past the statutory deadline. Plaintiffs and other Tribes are in grave need of all $8,000,000,000 appropriated by Congress to support the essential governmental services they are providing to protect and support their communities in response to the COVID-19 pandemic. An expedited case schedule and final judgment is also critical because Congress's appropriation extends only "for fiscal year 2020," 42 U.S.C. § 801(a)(1), which expires on September 30, 2020. The single issue before the Court, moreover, is a pure question of law on which the Court has already received extensive briefing. As the Secretary suggests, an administrative record (which under the circumstances of this case is likely to be very limited) may be unnecessary. The Plaintiff Tribes accordingly propose the following schedule:

| | |
|---|---|
| Secretary's production of administrative record, if necessary: | Friday, May 15, 2020 |
| Cross-motions for summary judgment (all parties): | Friday, May 29, 2020 |
| Combined responses/replies on cross-motions (all parties): | Wednesday, June 10, 2020 |

The Plaintiff Tribes of course understand that if the Secretary chooses to appeal the Court's preliminary injunction order, the appeal may necessitate some changes in this schedule. But the Secretary's present uncertainty on that score provides no basis to delay proceedings in this Court. The Tribes' proposed schedule also allows ample time to complete briefing on amicus curiae Ahtna, Inc.'s motion to intervene prior to the filing of cross-motions for summary judgment.

Dated: May 1, 2020                          Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            ERIC WOMACK
                                            Assistant Branch Director

                                            */s/ Jason C. Lynch*
                                            Jason C. Lynch (D.C. Bar No. 1016319)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch

1100 L Street NW, Rm. 11214
Washington, DC 20005
Tel: (202) 514-1359
Email: Jason.Lynch@usdoj.gov

*Attorneys for Defendants*

KANJI & KATZEN, P.L.L.C.

/s/ Riyaz A. Kanji
Riyaz A. Kanji, D.C. Bar # 455165
303 Detroit Street, Suite 400
Ann Arbor, MI 48104
Telephone: 734-769-5400
Email: rkanji@kanjikatzen.com

/s/ Cory J. Albright
Cory J. Albright, D.C. Bar Application Pending
WSBA # 31493
811 1st Avenue, Suite 630
Seattle, WA 98104
Telephone: 206-344-8100
Email: calbright@kanjikatzen.com

*Co-Counsel for the Confederated Tribes of the Chehalis Reservation and the Tulalip Tribes*

*Counsel for the Houlton Band of Maliseet Indians, Akiak Native Community, Asa'carsarmiut Tribe and Aleut Community of St. Paul Island*

CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION

/s/ Harold Chesnin
Harold Chesnin, WSBA # 398
Lead Counsel for the Tribe
420 Howanut Road
Oakville, WA 98568
Telephone: 360-529-7465
Email: hchesnin@chehalistribe.org

*Counsel for the Confederated Tribes of the Chehalis Reservation*

TULALIP TRIBES

5

/s/ Lisa Koop Gunn
Lisa Koop Gunn, WSBA # 37115
Tulalip Tribes, Office of the Reservation Attorney
6406 Marine Drive
Tulalip, WA 98271
Telephone: 360-716-4550
Email: lkoop@tulaliptribes-nsn.gov

*Counsel for the Tulalip Tribes*

THE NAVAJO NATION

/s/ Paul Spruhan
Doreen McPaul, AZ Bar No. 021136
Attorney General
Paul Spruhan, D.C. Bar No. AZ0017
Assistant Attorney General
P.O. Box 2010
Window Rock, AZ 86515
Telephone:  (928) 871-6345
Email: dmcpaul@nndoj.org
Email: pspruhan@nndoj.org

ROTHSTEIN DONATELLI LLP

/s/ Eric Dahlstrom
Eric Dahlstrom, AZ Bar No. 004680
April E. Olson, AZ Bar No. 025281
1501 West Fountainhead, Suite 360
Tempe, AZ 85282
Telephone:  (480) 921-9296
Email: edahlstrom@rothsteinlaw.com
Email: aeolson@rothsteinlaw.com

Richard W. Hughes, NM Bar No. 1230
Donna M. Connolly, NM Bar No. 9202
Reed C. Bienvenu, NM Bar No. 147363
1215 Paseo de Peralta
Santa Fe, NM 87505
Telephone:  (505) 988-8004
Email:  rwhughes@rothsteinlaw.com
Email:  dconnolly@rothsteinlaw.com
Email:  rbienvenu@rothsteinlaw.com

*Counsel for Pueblo of Picuris*

*Co-Counsel for the Navajo Nation*

QUINAULT INDIAN NATION

/s/ Derril B. Jordan
Derril B. Jordan, D.C. Bar #470591
Quinault Office of the Attorney General
136 Cuitan Street
Taholah, WA  98587
Telephone:  360.276-8215, Ext. 1406
Email:  derril.jordan@quinault.org

ELK VALLEY RANCHERIA, CALIFORNIA

/s/ Bradley G. Bledsoe Downes
Bradley G. Bledsoe Downes, CA Bar No. 176291
General Counsel
2332 Howland Hill Road
Crescent City, CA 95531
Telephone: 707.465.2610
Email: bdownes@elk-valley.com

SAN CARLOS APACHE TRIBE

/s/ Alexander B. Ritchie
Alexander B. Ritchie, AZ Bar # 019579
Attorney General
San Carlos Apache Tribe
Post Office Box 40
16 San Carlos Avenue
San Carlos, AZ 85550
Telephone:  (928) 475-3344
Email:  alex.ritchie@scat-nsn.gov

CHEYENNE RIVER SIOUX TRIBE

/s/ Nicole E. Ducheneaux
Nicole E. Ducheneaux (D.D.C Bar No. NE001)
Big Fire Law & Policy Group LLP
1404 Fort Crook Road South
Bellevue, NE 68005
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: nducheneaux@bigfirelaw.com

ROSEBUD SIOUX TRIBE, ARCTIC VILLAGE, NATIVE VILLAGE OF VENETIE, and NONDALTON TRIBES

/s/ Natalie A. Landreth
/s/ Wesley James Furlong
Natalie A. Landreth (D.D.C. Bar No. AK0001)
Erin C. Dougherty Lynch, *pro hac vice*
Matthew N. Newman, *pro hac vice*
Wesley James Furlong (D.D.C. Bar No. AK0003)
Megan R Condon, *pro hac vice*
NATIVE AMERICAN RIGHTS FUND
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Telephone: (907) 276-2466
Facsimile: (907) 276-2466
Email: landreth@narf.org
dougherty@narf.org
mnewman@narf.org
wfurlong@narf.org
mcondon@narf.org

OGLALA SIOUX TRIBE

/s/ Jennifer Bear Eagle
Jennifer Bear Eagle, *pro hac vice*
OGLALA SIOUX TRIBE LEGAL DEPARTMENT
P.O. Box 1204
Pine Ridge, SD 57770
Telephone: (605) 867-2138
Facsimile: (605) 867-2140
Email: JenniferBE@ostlegal.org

FREDERICKS PEEBLES & PATTERSON LLP

*s/ Rollie E. Wilson*
Rollie E. Wilson (D.C. Bar No. 1008022)
401 9th Street, N.W., Suite 700
Washington, D.C. 20004
Telephone: (202) 450-4887
Facsimile: (202) 450-5106
Email: rwilson@ndnlaw.com

*s/ Jeffrey S. Rasmussen*
Frances C. Bassett, *Pro Hac Vice Admission*
Jeremy J. Patterson, *Pro Hac Vice Admission*
Jeffrey S. Rasmussen, *Pro Hac Vice Admission*
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155/9839
Email: fbassett@ndnlaw.com
Email: jpatterson@ndnlaw.com
Email: jrasmussen@ndnlaw.com

*Counsel for Plaintiff Ute Indian Tribe of the Uintah and Ouray Reservation*
