UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION, et al.<br><br>   Plaintiffs,<br>   v.<br><br>STEVEN MNUCHIN, SECRETARY, UNITED STATES DEPARTMENT OF THE TREASURY<br><br>   Defendant. | Case No.: 1:20-cv-01002-APM |
| CHEYENNE RIVER SIOUX TRIBE, et al.<br><br>   Plaintiffs,<br>   v.<br><br>STEVEN MNUCHIN, SECRETARY, UNITED STATES DEPARTMENT OF THE TREASURY<br><br>   Defendant. | Case No. 1:20-cv-01059-APM |
| UTE TRIBE OF THE UINTAH AND OURAY RESERVATION<br><br>   Plaintiff,<br>   v.<br><br>STEVEN MNUCHIN, SECRETARY, UNITED STATES DEPARTMENT OF THE TREASURY<br><br>   Defendant. | Case No. 1:20-cv-01070-APM<br><br>**CONSOLIDATED CASES** |

**CHEYENNE RIVER SIOUX PLAINTIFFS' STATEMENT REGARDING ANCS' MOTIONS FOR INTERVENTION**

Plaintiffs Cheyenne River Sioux, Rosebud Sioux Tribe, Oglala Sioux Tribe, Nondalton Tribal Council, Arctic Village Council, and Native Village of Venetie Tribal Government (collectively, "Cheyenne River Sioux Plaintiffs"), respectfully submit this notice regarding the motions to intervene filed by Ahtna, Inc., Doc. 43; Alaska Native Village Corporation Association, Inc., and Association of ANCSA Regional Corporation Presidents/CEOs, Inc. ("the Associations"), Doc. 45; and Calista Corporation, *et al*., Doc. 46 (the "Calista Intervenors") (collectively, "ANC Intervenors").

Cheyenne River Sioux Plaintiffs appreciate the opportunity provided by the Court to address the motions to intervene in an expedited manner so as to avoid any unnecessary delay in reaching a final decision on the merits in this action. Time is of the utmost importance here. While the proposed ANC Intervenors have made numerous incorrect factual assertions and erroneous legal arguments, Cheyenne River Sioux Plaintiffs will deal with those directly in the merits briefing. The fact is that even if this Court accepted all the statements made by proposed Intervenor declarants, it would not change the issue or result in this case: ANCs are still not tribal governments. Therefore, and solely in the interest of expediency, Cheyenne River Sioux Plaintiffs do not oppose permissive intervention. *See* Fed. R. Civ. P. 24(b). The proposed ANC Intervenors are not entitled to intervention as a matter of right as they have no legally protectable interest in money Congress allocated for tribal governments. *See id*. 24(a)(2). Cheyenne River Sioux Plaintiff's agreement to permissive intervention cannot be construed as an agreement that the ANCs are entitled to any share of CARES Act Title V funds allocated solely for the use of tribal governments.

Cheyenne River Sioux Plaintiffs respectfully request that if the Court grants permissive intervention, it should only grant it to the Association, which already purports to represent *all* ANCs, including Ahtna and the Calista Intervenors. Participation by Ahtna and the Calista Intervenors would be purely duplicative. In any event, if more than just the Associations is

allowed permissive intervention, the ANC Intervenors should be required to consolidate their briefing to avoid duplication.[1]  Cheyenne River Sioux Plaintiffs also request that the Court proscribe that the ANC Intervenors cannot introduce any new claims or collateral issues into this case, which accords with representations already made in the intervenor filings.  *See*, *e.g.*, *Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 7 (D.D.C. 2001) ("[I]t is well settled in this circuit that '[a]n intervening party may join issue only on a matter that has been brought before the court by another party.'") (quoting *Ill. Bell Tel. Co. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990)).  In addition, ANC Intervenors should not be permitted discovery, which the parties have already agreed is likely limited to the administrative record anyway.  The Court's discretion to impose these reasonable conditions is well-established.  *See*, *e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737 n.11 (D.C. Cir. 2003); *Cayuga Nation v. Zinke*, 324 F.R.D. 277, 283-84 (D.D.C. 2018); *Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15-16 (D.D.C. 2016); *see also* Fed. R. Civ. P. 24, Advisory Committee Notes (1966 Amendment) ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.").

---

[1] In this regard, Cheyenne River Sioux Plaintiffs note the Associations' position that they represent the interests of all twelve regional ANCs and nearly 200 village ANCs, Doc. 45 at 3-4, and that "neither the [Associations'] claims nor relief requested require the participation of the individual ANCs."  Cheyenne River Sioux Plaintiffs are challenging the ANCs' entitlement to payments under the CARES Act on the theory that the ANCs are not "Tribal governments" or "Indian Tribes" as such terms are used in Title V of the CARES Act.  Cheyenne River Sioux Plaintiffs' claims do not disambiguate between individual ANCs under Cheyenne River Sioux Plaintiffs' theory; if one loses funding, all lose funding.  As the Associations rightly observe, "the participation of *each* individual ANC is not required." *Id.* at 17-18; *see also generally Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003) (considering whether proposed intervenors are adequately represented by other intervenors).

Finally, the taking of an interlocutory appeal by any proposed intervenor upon the grant of intervention would appear highly inconsistent with the ANC Intervenors' expressed desire to move the proceedings in this Court to conclusion on an expedited basis.

DATED this 8th day of May, 2020.

> /s/ Nicole E. Ducheneaux
> /s/ Rose Weckenmann
> Nicole E. Ducheneaux (D.C. Bar No. NE001)
> Rose Weckenmann (*pro hac vice*)
> BIG FIRE LAW & POLICY GROUP LLP
> 1404 South Fort Crook Road
> Bellevue, NE 68005
> Telephone: (531) 466-8725
> Facsimile: (531) 466-8792
> Email: nducheneaux@bigfirelaw.com
>
> *Counsel for the Cheyenne River Sioux Tribe*
>
> /s/ Natalie A. Landreth
> /s/ Erin C. Dougherty Lynch
> /s/ Matthew N. Newman
> /s/ Wesley James Furlong
> /s/ Megan R. Condon
> Natalie A. Landreth (D.D.C. Bar No. AK0001)
> Erin C. Dougherty Lynch (*pro hac vice*)
> Matthew N. Newman (*pro hac vice*)
> Wesley James Furlong (D.D.C. Bar No. AK0003)
> Megan R Condon (*pro hac vice*)
> NATIVE AMERICAN RIGHTS FUND
> 745 West 4th Avenue, Suite 502
> Anchorage, AK 99501
> Telephone: (907) 276-2466
> Facsimile: (907) 276-2466
> Email: landreth@narf.org
> dougherty@narf.org
> mnewman@narf.org
> wfurlong@narf.org
> mcondon@narf.org
>
> *Counsel for Rosebud Sioux Tribe, Nondalton Tribal Council, Arctic Village Council, Native Village of Venetie Tribal Government*
>
> /s/ Jennifer Bear Eagle

Jennifer Bear Eagle (*pro hac vice*)
OGLALA SIOUX TRIBE LEGAL DEPARTMENT
P.O. Box 1204
Pine Ridge, SD 57770
Telephone: (605) 867-2138
Facsimile: (605) 867-2140
Email: JenniferBE@ostlegal.org

*Counsel for Oglala Sioux Tribe*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ Nicole Ducheneaux*
Nicole E. Ducheneaux (DC Bar No. NE001)
Big Fire Law & Policy Group LLP
1404 South Fort Crook Road
Bellevue, NE 68005
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: nducheneaux@bigfirelaw.com
