## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION, ET AL., | |
| Plaintiffs, | |
| | UTE TRIBE'S MOTION FOR SURREPLY |
| v. | |
| STEPHEN MNUCHIN, IN HIS OFFICIAL CAPACITY AS Secretary of the Treasury, SECRETARY, | Civil Case No.: 1:20-cv-1002-APM |
| Defendant. | |

The Ute Indian Tribe of the Uintah and Ouray Reservation files this motion to file a short surreply on two issue.  The proposed surreply is attached hereto.

First, in their motions to intervene opening brief, the movants all acknowledges that under the law in this circuit, the Movant is required to establish an independent ground for subject matter jurisdiction.  The Tribe responded to that argument.  The movant group led by Calista Corporation (hereinafter Calista Corporation) was apparently convinced that the Tribe was correct—that Movant had failed to establish an independent ground for subject matter jurisdiction.  Now, in its Reply Brief, Calista Corporation makes a new argument.  In fact, it makes the exact opposite argument from that made in its opening brief.

Second, Calista Corporation now asserts that in this APA case, it is the real party in interest. Neither it nor any other movant made that argument in their briefs in support of their motions.  The Tribe seeks to briefly respond to that new argument.

## DISCUSSION OF LAW

Courts "routinely" grant leave to file a surreply "'when a party is unable to contest matters presented to the court for the first time' in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)); *Mitchell v. Craftworks Rests. & Breweries, Inc.*, 2018 U.S. Dist. LEXIS 183345 (D.D.C. 2018) ("Though a degree of unfairness is inevitable whenever new evidence is presented in a reply, such unfairness can be mitigated by allowing the opposing party the opportunity to file a sur-reply.").

In determining whether or not to grant such leave, a court considers "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012).

In the present case, the Tribe plainly meets those requirements.  Calista Corporation makes two new arguments in its reply.  In fairness, the Tribe's short surreply should be permitted and considered by the Court.

Respectfully submitted, May 19, 2020

**FREDERICKS PEEBLES & PATTERSON LLP**

*s/ Jeffrey S. Rasmussen*
Frances C. Bassett, *Pro Hac Vice Admission*
Jeremy J. Patterson, *Pro Hac Vice Admission*
Jeffrey S. Rasmussen, *Pro Hac Vice Admission*
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155/9839
Email: fbassett@ndnlaw.com
Email: jpatterson@ndnlaw.com

2

Email: jrasmussen@ndnlaw.com

and
*s/ Rollie E. Wilson*
Rollie E. Wilson (D.C. Bar No. 1008022)
401 9th Street, N.W., Suite 700
Washington, D.C. 20004
Telephone: (202) 450-4887
Facsimile: (202) 450-5106
Email: rwilson@ndnlaw.com

*Counsel for Plaintiff Ute Indian Tribe of the Uintah
and Ouray Reservation*