UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 20-cv-01002 (APM) |
| CHEYENNE RIVER SIOUX TRIBE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 20-cv-01059 (APM) |
| UTE TRIBE OF THE UINTAH AND OURAY RESERVATION, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 20-cv-01070 (APM) |

**ORDER**

Before the court are opposed Motions to Intervene filed by various Alaska Native regional corporations, Alaska Native village corporations, and their associations ("Putative Intervenors")

in the *Ute Indian Tribe of the Uintah and Ouray Reservation v. Mnuchin* matter.[1] Because the Putative Intervenors have shown entitlement to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), their motions are granted. Putative Intervenors satisfy each of Rule 24(a)(2)'s conditions: (1) their motions are timely; (2) they claim an interest, as qualifying "Tribal governments," 42 U.S.C. § 801(a)(2)(B), in the Title V CARES Act funds that are the subject of this action; (3) disposing of this action in Plaintiffs' favor would defeat Putative Intervenors' claim to a share of those funds; and (4) their interests are not adequately represented by the named federal defendant, the Secretary of the Treasury. *See* Fed. R. Civ. P. 24(a)(2). The Putative Intervenors also have established standing. *See Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015) ("Our cases have generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit.").

Plaintiff Ute Indian Tribe of the Uintah and Ouray Reservation ("Tribe") opposes intervention, but its arguments are unpersuasive. *See* Ute Indian Tribe Opp'n to Mots. to Intervene, ECF No. 59 [hereinafter Pl.'s Opp'n]. The Tribe's contention that the Putative Intervenors lack standing because their asserted injury is "based primarily on claims that they have '638 contracts,'" *id.* at 2, misconstrues the Putative Intervenors' injury. Their claimed injury is the deprivation of Title V funds, if Plaintiffs were to prevail in this case. Such loss easily establishes a cognizable injury. *See Crossroads Grassroots*, *supra*. The Tribe's additional contention that Putative Intervenors lack standing because the court already preliminarily concluded that they are ineligible

---

[1] *See* 1:20-cv-01002-APM (consolidated docket), Mot. of Ahtna, Inc. to Intervene as Defendant & Incorporated Mem. of Law, ECF No. 43; Mot. of Alaska Native Village Corp. Ass'n, Inc. & Ass'n of ANCSA Regional Corp. Presidents/CEO's, Inc. to Intervene and Mem. of P. & A., ECF No. 45; Mot. to Intervene as Defendants & Supp. Mem. of Law, ECF No. 46. The court previously granted the Putative Intervenors' motions, which were unopposed, in the *Confederated Tribes* and *Cheyenne River Sioux Tribe* matters. *See* Minute Order, May 13, 2020.

for Title V funds, *see* Pl.'s Opp'n at 2, also misses the mark. Courts must assume the merits of a legal claim when evaluating standing. *See Estate of Boyland v. U.S. Dep't of Agric.*, 913 F.3d 117, 123 (D.C. Cir. 2019). Here, when the court assumes that the Putative Intervenors *are* qualified for Title V funds, they easily establish standing. The court's *preliminary* determination that the Putative Intervenors are ineligible for Title V funds does not alter this conclusion. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[T]he findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.").[2]

The Tribe also contends that intervention as a matter of right should be denied because the Secretary shares "the same ultimate objectives and seek[s] identical relief" as the Putative Intervenors and therefore adequately represents their interests. *See* Pl.'s Opp'n at 11. But binding D.C. Circuit precedent rejects such logic. See *Crossroads Grassroots*, 788 F.3d at 321 (stating that "we look skeptically on government entities serving as adequate advocates for private parties"); *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (finding that the government defendant was not an adequate representative of private parties where the government "has no financial stake in the outcome"). *Bruch v. Griffith Energy. Services, Inc.*, Civil Action No. 11-983 (TFH/AK), Civil Action 11-1101 (TFH/AK), 2014 WL 12799159 (D.D.C. March 24, 2014), characterized by the Tribe as "akin" to this case, Pl.'s Opp'n at 13, does not compel a different result in view of Circuit precedent.

---

[2] The Tribe's reliance on *Cobell v. Jewell*, Civ. Action No. 96-01285 (TFH), 2016 WL 10704595 (D.D.C. March 30, 2016), is misplaced. There the court determined that the putative intervenor's "interest is . . . too conjectural to demonstrate Article III standing." *Id.* at *1. Here, no conjecture is required. If the court enters a final judgment in favor of Plaintiffs, the Putative Intervenors will suffer injury from their inability to qualify for Title V funds.

3

For the foregoing reasons, the Putative Intervenors' Motions to Intervene, ECF Nos. 43, 45, 46, are granted. Plaintiff Ute Indian Tribe's Motion for Leave to File Surreply, ECF No. 69, is denied as moot.

Dated: May 20, 2020

Amit P. Mehta
United States District Court Judge