# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity, <br><br> Defendant. | Case No. 1:20-cv-01002-APM |
| CHEYENNE RIVER SIOUX TRIBE *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity, <br><br> Defendant. | Case No. 1:20-cv-01059-APM |
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, <br><br> Plaintiff, <br><br> v. <br><br> Steven Mnuchin, in his official capacity, <br><br> Defendant. | Case No. 1:20-cv-01070-APM <br><br> **CONSOLIDATED CASES** |

**CHEYENNE RIVER SIOUX TRIBE PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 15 and Local Civil Rule 7(i), Plaintiffs Cheyenne River Sioux Tribe , Rosebud Sioux Tribe, Oglala Sioux Tribe, Nondalton Tribal Council, Arctic Village Council, and Native Village of Venetie Tribal Government (together, "Plaintiffs" or "the Tribes") hereby move for leave to file a second amended complaint to include

an allegation regarding the Secretary of the United States Department of the Treasury's ("Secretary") April 23, 2020, statement as to Coronavirus Relief Fund Payments to Tribal Governments, ECF No. 71, AR014, and a request for relief that conforms to the request in Plaintiffs' motion for summary judgment. Plaintiffs' proposed second amended complaint is attached to this motion.

Plaintiffs conferred with all counsel regarding this motion pursuant to Local Civil Rule 7(m) in a good-faith effort to determine if there is any opposition to the motion. The Secretary does not oppose the motion. The respective Intervenor-Defendants take no position on the motion. The Confederated Tribes Plaintiffs and Plaintiff Ute Tribe consent to the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Plaintiffs filed this action on April 17, 2020, stating a single claim under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201-2202, and seeking to preliminarily and permanently enjoin the Secretary from designating Alaska Native Claims Settlement Act ("ANCSA") regional corporations and village corporations ("ANCs") as "Tribal governments" for purposes of allocating and distributing funds under Title V of the CARES Act, 42 U.S.C. § 801. ECF No. 1, Case No. 20-cv-01059. Plaintiffs alleged that the Secretary's actions constituted final agency action for purposes of judicial review. *Id.* ¶ 58. On April 20, 2020, Plaintiffs moved for a temporary restraining order and preliminary injunction. ECF No. 3, Case No. 20-cv-01059. Plaintiffs filed an amended complaint on April 21, 2020, which included additional plaintiffs and factual allegations corresponding to the new plaintiffs, but did not include new allegations regarding actions by the Secretary. ECF No. 7, Case No. 20-cv-01509.

On April 23, 2020, Treasury posted a document to its website, titled "Coronavirus Relief

Fund Payments to Tribal Governments April 23, 2020," confirming the Secretary's decision to allocate and pay Title V funds to ANCs as Tribal Governments. ECF 71, AR014.[1] The document states, "After consultation with the Department of the Interior, Treasury has concluded that Alaska Native regional and village corporations as defined in or established pursuant to the Alaska Native Claims Settlement Act are eligible to receive payments from the Fund in the amounts to be determined by the Secretary of the Treasury." *Id.* (footnote omitted). Since its issuance, the parties have litigated the Secretary's statement and the legal issues surrounding it, including on Plaintiffs' motion for preliminary injunctive relief and on the parties' cross motions for summary judgment. *See e.g.,* ECF Nos. 21 at 7; 77; 79; *see also* ECF No. 71 at 2 (Administrative Record).

## II.   ARGUMENT

Plaintiffs now move for leave to file a second amended complaint to include an allegation regarding the Secretary's April 23, 2020, statement, and a request for relief that conforms to the request set forth in Plaintiffs' motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 15, "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court should not deny leave to amend absent a sufficient reason, such as "futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments[.]" *Howard v. Federal Express Corp.*, 280 F. Supp. 3d 26, 29 (D.D.C. 2017) (Mehta, J.) (citation and quotation marks omitted). Moreover, pursuant to Rule 15(b)(2), "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the

---

[1] *See also* U.S. Dep't of Treasury, *Coronavirus Relief Fund Payments to Tribal Governments* (Apr. 23, 2020), *available at* https://home.treasury.gov/system/files/136/Coronavirus-Relief-Fund-Payments-to-Tribal-Governments.pdf

evidence and to raise an unpleaded issue." *See also Kirkland v. Dist. of Columbia*, 70 F.3d 629, 633 (D.C. Cir. 1995) ("[C]onsent generally is found when evidence is introduced without objection, or when the party opposing the motion to amend actually produced evidence bearing on the new issue." (quotation marks omitted) (brackets in original)). In addition, "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Justice supports granting Plaintiffs' motion for leave to file a second amended complaint. Plaintiffs seek to include an allegation regarding the Secretary's April 23, 2020, statement, which was not issued until after the date of Plaintiffs' first amended complaint. Prior to the April 23, 2020, statement, it was the Secretary's position that he had not made a final determination regarding ANCs' status as "Tribal governments" for purposes of Title V payments. ECF Nos. 5 at 1; 9 at 1. Since the Secretary first put that statement before the Court, ECF No. 21 at 7, the parties have consensually litigated the statement and the issues surrounding it. Plaintiffs also seek to include in their second amended complaint a request for relief—vacatur and remand—that conforms to the relief requested in their motion for summary judgment. *See* ECF No. 77 at 42. The proposed amendments accordingly will bring the pleadings in line with the issues that have actually been developed and litigated, and will not prejudice any party. Plaintiffs are promptly filing this motion following summary judgment briefing, which is when the Secretary first raised the issue of amendment.

Plaintiffs have conferred with all counsel regarding this motion pursuant to Local Civil Rule 7(m) in a good-faith effort to determine if there is any opposition to the motion. The Secretary does not oppose the motion. The respective Intervenor-Defendants take no position on the motion.

The Confederated Tribes Plaintiffs do not oppose the motion. Plaintiff Ute Tribe consents to the motion.

### III.     CONCLUSION

For the foregoing reasons, the Cheyenne River Sioux Tribe Plaintiffs respectfully request that the Court grant their motion for leave to file a second amended complaint. Plaintiffs' proposed second amended complaint is attached to this motion.

Dated:  June 24, 2020

                Respectfully submitted,

                /s/ Nicole E. Ducheneaux
                Nicole E. Ducheneaux (DC Bar No. NE001)
                BIG FIRE LAW & POLICY GROUP LLP
                1404 South Fort Crook Road
                Bellevue, NE 68005
                Telephone: (531) 466-8725
                Facsimile: (531) 466-8792
                Email: nducheneaux@bigfirelaw.com

                *Counsel for the Cheyenne River Sioux Tribe*


                *Counsel for the Cheyenne River Sioux Tribe*

                /s/ Natalie A. Landreth
                /s/ Erin C. Dougherty Lynch
                /s/ Matthew N. Newman
                /s/ Wesley James Furlong
                /s/ Megan R. Condon
                Natalie A. Landreth (D.D.C. Bar No. AK0001)
                Erin C. Dougherty Lynch (*pro hac vice*)
                Matthew N. Newman (*pro hac vice*)
                Wesley James Furlong (D.D.C. Bar No. AK0003)
                Megan R Condon (*pro hac vice*)
                NATIVE AMERICAN RIGHTS FUND
                745 West 4th Avenue, Suite 502
                Anchorage, AK 99501
                Telephone: (907) 276-2466
                Facsimile: (907) 276-2466
                Email: landreth@narf.org

dougherty@narf.org
mnewman@narf.org
wfurlong@narf.org
mcondon@narf.org

*Counsel for Rosebud Sioux Tribe, Nondalton Tribal Council, Arctic Village Council, Native Village of Venetie Tribal Government*

/s/ Jennifer Bear Eagle
Jennifer Bear Eagle, *pro hac vice pending*
OGLALA SIOUX TRIBE LEGAL DEPARTMENT
P.O. Box 1204
Pine Ridge, SD 57770
Telephone: (605) 867-2138
Facsimile: (605) 867-2140
Email: JenniferBE@ostlegal.org

*Counsel for Oglala Sioux Tribe*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

>  */s/ Nicole Ducheneaux*
> Nicole E. Ducheneaux (DC Bar No. NE001)
> Big Fire Law & Policy Group LLP
> 1404 South Fort Crook Road
> Bellevue, NE 68005
> Telephone: (531) 466-8725
> Facsimile: (531) 466-8792
> Email: nducheneaux@bigfirelaw.com