# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION, et al.<br><br>Plaintiffs,<br><br>- against -<br><br>STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury,<br><br>Defendant. | Case No. 1:20-cv-01002-APM |
| CHEYENNE RIVER SIOUX TRIBE, et al.<br><br>Plaintiffs,<br><br>- against -<br><br>STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury,<br><br>Defendant. | Case No. 1:20-cv-01059-APM |
| UTE TRIBE OF THE UINTAH AND OURAY RESERVATION,<br><br>Plaintiff,<br><br>- against -<br><br>STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury,<br><br>Defendant. | Case No. 1:20-cv-01070-APM |

**OPPOSITION TO PLAINTIFFS' MOTION TO STAY JUDGMENT PENDING APPEAL**

But for these lawsuits, the Calista ANCs (*i.e.*, Intervenor-Defendants Calista Corporation, Kwethluk, Incorporated, Sea Lion Corporation, St. Mary's Native Corporation, Napaskiak, Incorporated, and Akiachak, Limited) would have received critically needed CARES Act funds back on (or before) April 26, 2020. *See* 42 U.S.C. §801(b)(1). As the Court has now confirmed, *see generally* Mem. Op., Dkt. 97 ("Summ. J. Op."), Congress made ANCs eligible for those funds, and Congress underscored that CARES Act funding should be disbursed expeditiously. The Secretary of the Treasury likewise determined that ANCs were eligible for CARES Act funding and should have received that funding months ago. *See* U.S. Dep't of Treasury, *Coronavirus Relief Fund Payments to Tribal Governments* (Apr. 23, 2020). The sole reason that those funds are not being used by ANCs today to address the serious health and economic consequences of the pandemic on Alaska Natives is this litigation, filed by plaintiffs who themselves began receiving CARES Act funding by early May. *See* Summ. J. Op. 5-7; U.S. Dep't of Treasury, *Coronavirus Relief Fund Allocations to Tribal Governments* (May 5, 2020). Given that this Court has now rejected plaintiffs' statutory arguments after full consideration, there is no longer any justification for perpetuating this inequity.

Plaintiffs do not satisfy the familiar four-factor test that governs their request for the extraordinary remedy of an injunction pending appeal. *See generally Nken v. Holder*, 556 U.S. 418, 434 (2009). Plaintiffs emphasize their irreparable injury if they do not receive an injunction pending appeal. But plaintiffs have already received substantial amounts of CARES Act funding and have been able to put that funding to salutary use for nearly two months. ANCs, by contrast, have not yet received a penny of the funding that Congress, the Secretary, and this Court have all determined they are entitled to receive. The resulting situation on the ground in Alaska is dire. Many of the residents in villages served by the Calista ANCs are physically remote and have lost

their principal supply route and non-emergency mode of medical transport due to a pandemic-induced bankruptcy.  *See* Andrew Decl. ¶ 4, Dkt. 46-3.  While that remoteness provided some protection from the spread of disease in the initial stage of the pandemic, summer travel creates new risks while resources and supply chains are stretched thin or broken entirely.  *See* Amicus Curiae Br. of the Alaska Fed'n of Natives 2-4, 23-25, Dkt. 81.  To be sure, federally recognized tribes in the lower 48 and in Alaska face significant challenges, but—unlike ANCs—they have already received substantial funds under Title V of the CARES Act, and the ANCs have not filed suit to stop them from receiving their fair share of CARES Act funds.  Thus, the stay equities tip strongly in favor of the ANCs.

Moreover, in light of this Court's summary judgment ruling, the likelihood of success on appeal similarly favors the ANCs.  After a full consideration of the statutory arguments, this Court's considered view is that, consistent with the plain text, ANCs are tribes for purposes of ISDEAA and have "tribal governments" eligible to receive CARES Act funding.  *See generally* Summ. J. Op.  And while this Court's earlier preliminary injunction rule indicates that this Court found the statutory issues close and difficult, given that the stay equities plainly favor the ANCs, close does not count.  All the relevant stay factors favor denial of the requested relief.

In all events, this Court is the wrong court to grant the relief that plaintiffs seek.  While this Court has the power to issue an injunction pending appeal, it has no authority to dictate how expeditiously the Court of Appeals will consider the appeal.  And under the unusual circumstances of this case, it would be imprudent to order the former without the ability to dictate the latter.  As this Court has acknowledged, "Title V mandates payment of funds for 'fiscal year 2020,' which expires September 30, 2020."  Summ. J. Op. 10 n.6.  Once the calendar turns to October, serious questions arise as to whether the D.C. Circuit or the Supreme Court would have the power to

compel the Secretary to distribute CARES Act funds to ANCs, even if they both concur with this Court's summary judgment ruling.  *See City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1424 (D.C. Cir. 1994).  Thus, if this case were briefed, argued, and decided on appeal without substantial expedition, an injunction pending appeal could convert the ANCs' recent summary judgment victory into a total defeat.

The Court of Appeals is in a position to preclude that perverse outcome by evaluating plaintiffs' requested injunctive relief in conjunction with a request for expedition.  The two inquiries are critically interrelated:  The quicker the appellate timeline, the shorter the additional delay in funds reaching ANCs, and the stronger the case for a very brief injunction pending appeal; conversely, the longer the appellate timeline, the greater the additional delay in funds reaching Alaska Natives, and the weaker the case for interim relief that could become de facto permanent despite this Court's rejection of plaintiffs' theories.  Given that this Court can consider only half the equation, the better course is to deny the requested relief and allow plaintiffs to renew their request in the Court of Appeals.

For the foregoing reasons, and those articulated by the other Intervenor-Defendants and the Secretary, this Court should deny plaintiffs' request for an injunction pending appeal.

                Respectfully submitted,

                <u>/s/Paul D. Clement</u>
                PAUL D. CLEMENT
                 *Counsel of Record*
                ERIN E. MURPHY
                RAGAN NARESH
                MATTHEW D. ROWEN
                KIRKLAND & ELLIS LLP
                1301 Pennsylvania Avenue NW
                Washington, DC 20004
                (202) 389-5000
                paul.clement@kirkland.com

                *Counsel for Plaintiffs Calista Corp.,*
                *Kwethluk, Inc., Sea Lion Corp.,*
                *St. Mary's Native Corp., Napaskiak, Inc.,*
                *and Akiachak, Ltd.*

July 1, 2020

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 1st day of July 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system.

/s/ Paul D. Clement