UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 20-cv-01002 (APM) |
| CHEYENNE RIVER SIOUX TRIBE, et al. <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 20-cv-01059 (APM) |
| UTE TRIBE OF THE UINTAH AND OURAY RESERVATION, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN MNUCHIN, in his official capacity as Secretary of the Treasury, <br><br> Defendant. | Case No. 20-cv-01070 (APM) |

**MEMORANDUM OPINION AND ORDER**

I.

On June 26, 2020, the court ruled that Alaska Native regional and village corporations ("ANCs") are eligible to receive emergency relief funds appropriated by Congress under Title V of the Coronavirus Aid, Relief, and Economic Security Act, or CARES Act. *See Confederated Tribes of Chehalis Reservation v. Mnuchin*, No. 20-cv-01002 (APM), 2020 WL 3489479 (D.D.C. June 26, 2020). The court accordingly entered judgment in favor of Defendant Secretary of the U.S. Department of the Treasury and the ANC Defendant-Intervenors, and dissolved the preliminary injunction that, until then, had prevented the Secretary from disbursing Title V funds to ANCs. *See* Order, ECF No. 98. The Confederated Tribes of the Chehalis Reservation Plaintiffs now ask the court to stay its judgment pending appeal. Pls.' Mot. for Injunction Pending Appeal and Mem. of P. & A., ECF No. 99 [hereinafter Pls.' Mot.].[1] Specifically, they seek an injunction that prohibits the Secretary from "disbursing or otherwise paying Title V funds to any [ANC], until further order of this Court or by order of the Court of Appeals for the District of Columbia Circuit." Proposed Order, ECF No. 99-1, at 2. For the reasons that follow, the requested injunctive relief is granted, subject to the condition that Plaintiffs file a notice of appeal and a motion for expedited review by July 14, 2020.

II.

This court set forth the standard governing a motion for injunction pending appeal in *Cigar Association of America v. FDA*, 317 F. Supp. 3d 555, 560–61 (D.D.C. 2018). The court need not repeat that discussion here but incorporates it by reference, and proceeds directly to the four injunction factors it must consider on a sliding scale.

---

[1] Plaintiff Ute Indian Tribe of the Uintah and Ouray Reservation join in the Confederated Tribes Plaintiffs' motion. *See* Ute Indian Tribe's Joinder in "Mot. for Leave to File Injunction Pending Appeal," ECF No. 100.

*First*, Plaintiffs have presented "serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation and thus for more deliberative investigation." *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)). Although the court ultimately ruled in Defendants' favor, it observed that "this case does not present easy, straightforward questions of statutory interpretation," and it "wrestled" with the decision it made. *Confederated Tribes*, 2020 WL 3489479, at *6. The proper application of the competing canons of interpretation to Title V's relevant statutory terms alone warrants additional scrutiny, and the "impressive array of textual, historical, and practical evidence" amassed by the parties, "all of which must be viewed against the unique treatment of Native Alaskans by Congress and Executive Branch agencies," only counsels in favor of further review. *Id.* Because the question of statutory interpretation presented in this case is as complicated as it is consequential, it deserves an audience before a higher court while maintaining the status quo.[2]

*Second*, Plaintiffs would suffer irreparable harm if the court denied injunctive relief and the Secretary then distributed the withheld Title V funds to ANCs. Such payments could result in this case becoming moot before receiving a full hearing before the D.C. Circuit. *See City of Houston. v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1424 (D.C. Cir. 1994) ("It is a well-settled matter of constitutional law that when an appropriation has lapsed or has been fully obligated, federal courts cannot order the expenditure of funds that were covered by that appropriation."); *Ambach v. Bell*, 686 F.2d 974, 986 (D.C. Cir. 1982) (holding that "interim relief" was proper where plaintiff States challenged the agency's formula for distributing education

---

[2] To varying degrees, the parties have sought to revisit the merits of the court's decision. *See, e.g.*, Pls.' Mot. at 6–12; Def,'s Opp'n to Pls.' Mot. for Inj. Pending Appeal, ECF No. 103, at 5–13. Wading into those thorny issues once more is neither desirable nor necessary. It suffices to say that the questions Plaintiffs have raised are sufficiently "substantial" to warrant an injunction pending appeal.

3

funding, because, "[o]nce the . . . funds are distributed to the States and obligated, they cannot be recouped"). Given the complexity and significance of the questions presented, this court should not have the last say on this matter. Defendants respond that the harm Plaintiffs faced at the preliminary injunction stage is now greatly diminished because they have received approximately 90% of the CARES Act funding to which they are entitled. Opp'n to Pls.' Mot. for Inj. Pending Appeal of Intervenor-Defendants Alaska Native Village Corp. Assoc., Inc., and Assoc. of ANCSA Regional Corp. Presidents/CEO's, Inc., ECF No. 104, at 8. Yet, there remains hundreds of millions of dollars in dispute. And, although not all of those funds would go to these Plaintiffs if they were to prevail, the lesser amount at stake would not make the lost chance at appellate review sting any less.

*Third*, the final two factors taken together—the balance of equities and the public interest—cannot overcome the reasons favoring injunctive relief. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) ("The first two factors of the traditional standard are the most critical."); *id.* at 435 (observing that the third and fourth factors "merge" when the government is the opposing party). To be sure, the ANCs and, more importantly, the constituencies they serve will suffer some injury from additional delay in receiving Title V funds. However, the public interest also rests in carrying out Congress's will, and that interest is not served if ANCs receive and spend tens of millions of dollars of emergency relief to which they are not entitled. *See League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (stating that "there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations" (internal quotation marks and citation omitted)). Although this court has concluded that ANCs are eligible for those funds, the public interest rests with the D.C. Circuit deciding whether this court got it right.

In summary, the injunction factors, applied on a sliding scale, favor granting Plaintiffs' request for an injunction pending appeal.

III.

The Calista ANC-Intervenor Defendants urge the court, in effect, to punt Plaintiffs' request for injunctive relief to the D.C. Circuit. *See* Opp'n to Pls.' Mot. to Stay Judgment Pending Appeal, ECF No. 102 [hereinafter Calista Mot.] at 2 ("In all events, this Court is the wrong court to grant the relief that plaintiffs seek."). The court declines to do so. This court has an independent obligation to consider Plaintiffs' motion, *see* Fed. R. Civ. P. 62(d); Fed. R. App. P. 8(a)(1), and it must discharge that responsibility. That said, the Calista ANC-Intervenor Defendants are right to be concerned that a delayed appeal would defeat the very purposes for which Congress appropriated CARES Act funds on an emergency basis. *See* Calista Mot. at 2–3. The Confederated Tribes Plaintiffs have not suggested that they intend to delay prosecuting an appeal; to the contrary, they have said they will pursue expedited review. *See* Pls.' Mot. at 2 n.1. Nevertheless, to ensure prompt appellate consideration, the court will condition the requested stay on Plaintiffs' filing both a notice of appeal and a motion for expedited review before the D.C. Circuit by no later than July 14, 2020. *See Ctr. for Int'l Envtl. Law v. Office of the U.S. Trade Representative*, 240 F. Supp. 2d 21, 23 & n.1 (D.D.C. 2003) (granting injunction pending appeal conditioned on seeking expedited review); *accord Charles v. Office of the Armed Forces Medical Examiner*, Civil Action No. 1:09-cv-0199 (KBJ), 2013 WL 12332949, at *2 (D.D.C. May 9, 2013). If Plaintiffs fail to move on an expedited basis, the stay will expire.

IV.

For the foregoing reasons, the Confederated Tribes Plaintiffs' Motion for Injunction Pending Appeal, ECF No. 99, is hereby granted, subject to one condition.

The court's Order of June 26, 2020, ECF No. 98, is hereby stayed until the earlier of September 15, 2020, or resolution of this matter by a three-judge panel of the D.C. Circuit, so long as Plaintiffs file a notice of appeal and seek expedited review by July 14, 2020. If Plaintiffs do not timely satisfy this condition, the injunction pending appeal shall expire on July 15, 2020. If the D.C. Circuit has not resolved this case by September 15, 2020, this order may be extended upon motion by a party or by the D.C. Circuit. Any motion filed before this court shall address whether Title V funds will expire if the D.C. Circuit does not issue a decision by September 30, 2020.

Dated: July 7, 2020

Amit P. Mehta
United States District Court Judge